UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIN G., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br><br> Defendant. | Case No. 20-cv-06713-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> Re: Dkt. No. 25 |

Plaintiff seeks Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) for the physical impairments of herniated disc, arthritis, hernia. (Administrative Record ("AR") 69, 81.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Administrative Law Judge ("ALJ") finding Plaintiff not disabled.[1] On December 6, 2021, the Court concluded that substantial evidence supported the ALJ's step five determination, denied Plaintiff's motion for summary judgment, and granted the Commissioner's cross-motion for summary judgment. (Dkt. No. 23.) Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 25.) The Commissioner has not filed a response and the time to do has run. *See* Civ. L.R. 7-3(a). Having considered Plaintiff's motion and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion.

**LEGAL STANDARD**

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). While amending a judgment is an extraordinary remedy, "the district court enjoys

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11, 12.)

considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

**DISCUSSION**

In his motion for summary judgment, Plaintiff raised a single issue: whether the ALJ's step five finding that Plaintiff was not disabled was supported by substantial evidence given that the job numbers cited by the vocational expert are not (in Plaintiff's view) based on reliable data. The Court concluded that the ALJ's finding was based on substantial evidence. In so concluding, the Court relied on the Ninth Circuit's holding in *Bayliss* that "[a] VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that an ALJ may rely on a vocation expert's testimony regarding the number of relevant jobs in the national economy.). "[A]s is clear from the language of *Bayliss*, at least in the absence of contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *See Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

Here, the ALJ relied on the vocational expert's testimony to identify certain "representative occupations" which were present in significant numbers in the national economy. (AR 23.) The vocational expert testified that the evidentiary basis for the job numbers he provided was the Department of Labor Statistics, and in particular, the "occupational employment survey, OES Statistical Group" which he "cross-walked with a publication found at www.ed.gov." (AR

2

1   65.)  In his motion for summary judgment, Plaintiff argued that in calculating the job numbers, the

2   vocational expert relied upon the numbers for the entire job category as opposed to for the sub-

3   category; that is, he relied upon the Standard Occupational Classification Groups which are

4   "groups of occupations classified together based on similarity of job functions or other

5   characteristics." (Dkt. No. 19 at 9.)  Plaintiff speculated that the vocational expert determined the

6   number of jobs in each subcategory by dividing the Standard Occupational Group job number by

7   the number of DOT occupations in each Standard Occupational Group. (*Id*. at 10.)  Plaintiff

8   referred to this as the equal distribution method which he argued has been "widely discredited."

9   (*Id*. (citing *Chavez v. Berryhill*, 895 F.3d 962, 963 (7th Cir. 2018)).)

10   In his motion to alter or amend judgment, Plaintiff insists that the Court committed

11   manifest error when it rejected Plaintiff's challenge to the ALJ's reliance on the vocational

12   expert's testimony because the vocational expert provided a "demonstrably false statement

13   regarding the source of his job number estimates." (Dkt. No. 25 at 3.)   In particular, Plaintiff

14   contends that the Department of Education publication the vocation expert relied upon only breaks

15   down the Standard Occupation Group by DOT occupation and does not provide job number

16   estimates for each subgroup of jobs within the DOT occupation.

17   Plaintiff has not demonstrated that the extraordinary remedy of amendment of the Court's

18   judgment in his favor is warranted.  First, his arguments are simply a recasting of the arguments

19   the Court previously considered and rejected.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471,

20   485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used

21   to relitigate old matters, or to raise arguments or present evidence that could have been raised prior

22   to the entry of judgment.") (cleaned up). On summary judgment, Plaintiff speculated that the only

23   way the vocational expert could have derived the numbers he did was by employing the equal

24   distribution method.  The Court rejected this argument because it was merely speculation and

25   there were other possible explanations for how the vocational expert derived his job numbers, such

26   as that he employed his labor market experience. (Dkt. No. 23 at 5.)  Plaintiff now argues that "it

27   is clear from [the vocational expert's] testimony that he was not relying on his 'labor market

28   experience.'" (Dkt. No. 25 at 6.)  Plaintiff's argument appears to be based on his theory that

"where a vocational expert specifically testifies that his job number estimates for individual DOT occupations come from a particular publication, he is necessarily deferring to the methodology used by the creator of that publication." (Dkt. No. 25 at 4-5.)  Plaintiff provides no basis for this theory—he did not question the vocational expert regarding his reliance on the publication and whether he was also relying on his own labor market experience.  (AR 65 ("Q And does the Department of Labor break down – break down jobs by DOT number? A No. This would be based on the occupational employment survey, OES Statistical Group, which is what I use and that's cross-walked with a publication found at www.ed.gov. A: Okay. And let's see here. Okay. No further questions, Your Honor.")).  Plaintiff's insistence that he did not know to question the vocational expert further until after he reviewed the Department of Education publication is unavailing as nothing precluded him from questioning the vocational expert regarding the contents of that publication and his methodology.

Second, as the Court previously noted, "an ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (internal citation omitted). Because "a vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data," substantial evidence supports the ALJ's step five determination. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019).

Accordingly, Plaintiff's motion to alter or amend the judgment is DENIED.

This Order disposes of Docket No. 25.

**IT IS SO ORDERED.**

Dated: February 1, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4